JULIA GURAL, PLAINTIFF-APPELLANT, v. JULIUS C. ENGEL, DEFENDANT-RESPONDENT.

Argued May 21, 1942—Decided September 18, 1942.

For the plaintiff-appellant, *Adolf L. Engelke.*

For the defendant-respondent, *Edmund A. Hayes.*

PER CURIAM.

The facts in this case are set forth with great clarity in the opinion below and require no recitation here.

We find that we are in agreement with the determination with respect to the insufficiency of the instrument tendered to the sheriff and not drawn to the judgment creditor as required by statute. The instrument was not sealed in any way, and that, we think, was fatal. The document recited: "for which payment well and truly to be made we bind ourselves, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents, sealed with our seals and dated the 21st day of December, 1939." This did not make it a bond. There was no seal, scroll, or other device of any kind by way of seal. *Continental Purchasing Co., Inc.,* v. *Daniels,* 123 *N. J. L.* 33.

Mr. Justice Case held in that case, "The words 'witness

\* \* \* the hand and seal of' at the close of a writing which bears no seal and no scroll, ink or other device' by way of seal does not serve to make the writing a sealed instrument."

For a specialty the period of limitation is sixteen years; for a simple contract it is six. *N. J. S. A.* 2:24-1; 2:24-5.

The Supreme Court (128 *N. J. L.*, at *p.* 255) said: "*R. S.* 46:13-3 is inapplicable. That statute saves only such unsealed 'deeds' or 'instruments' of individuals as are 'mentioned in section 46:16-1,' if there be a recital in the attestation clause or in the acknowledgment or proof that it 'was signed and sealed by the makers thereof.' The particular instrument is not in this category. Section 46:16-1 covers only deeds or instruments 'of or affecting the title to real estate.' We have not been cited to any statute that imparts this quality to the bond required by section 2:35-2." We are in accord with this view.

If the instrument, above referred to, had been seen and examined by the appellant or her attorney, we could find a basis for an estoppel which would bar the charges against the sheriff for the consequences of a wrongful escape. But the appellant and her attorney knew nothing of the matter till long afterward.

The proceeding for a discharge is statutory and the creditor is entitled to require full compliance therewith. She was definitely prejudiced by the acceptance of an instrument, which did not comply with the statute, and an action upon which would be barred by the shorter period of limitation.

The judgment is reversed.

*For affirmance*—PERSKIE, WELLS, RAFFERTY, JJ. 3.

*For reversal*—THE CHANCELLOR, PARKER, BODINE, DONGES, PORTER, COLIE, DEAR, HAGUE, THOMPSON, JJ. 9.